UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5429

JIMMY LEE ALLRED,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-94-175)

Submitted: November 21, 1996

Decided: December 5, 1996

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Michael F. Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Jimmy Lee Allred of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e) (1994). He appeals his conviction, contending that the district court erred in denying his motions to suppress evidence and for judgment of acquittal and by improperly charging the jury; government witnesses committed perjury; the government made improper closing arguments; and the government's delay in fingerprinting the gun may have prejudiced him. Finding no error, we affirm.

I.

Allred first contends that the court erred in denying his motion to suppress evidence. We review the district court's legal conclusions de novo but review the factual determinations made by the district court under a clearly erroneous standard. United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 506 U.S. 926 (1992).

Contrary to Allred's assertion, a passenger in a vehicle "normally has no legitimate expectation of privacy in a car in which he asserts neither a property interest nor a possessory interest and where he disclaims any interest in the seized object." Id. at 874 (citing Rakas v. Illinois, 439 U.S. 128, 148-49 (1978)). Because Allred maintained that he was merely a passenger in the vehicle and disclaimed ownership of the gun, we find that Allred did not have standing to challenge the search. See Rusher, 966 F.2d at 874.

Allred also contends that the officer did not have probable cause to search the car or to arrest him. We reject this claim. Officers saw Allred enter a restaurant after hours and watch the owner count cash receipts, noticed the butt of a gun in Allred's back pocket, and watched Allred apparently hide a gun under the passenger seat of a parked car when he reached toward his back and dipped his shoulder. Given the totality of the circumstances, see Illinois v. Gates, 462 U.S. 213, 238 (1983), we find that probable cause existed. The district court therefore did not err in denying the motion to suppress. Rusher, 966 F.2d at 873.

II.

Next, Allred challenges the district court's denial of his motion for judgment of acquittal. We review such a denial under a sufficiency of evidence standard. Fed. R. Crim. P. 29; see United States v. Smith, 44 F.3d 1259, 1269-70 (4th Cir.), cert. denied , ___ U.S. ___, 63 U.S.L.W. 3817 (U.S. May 15, 1995) (No. 94-8163). The relevant question is not whether we are convinced of guilt beyond a reasonable doubt, but rather whether the evidence, when viewed in the light most favorable to the government, was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. United States v. Gullett, 75 F.3d 941, 947 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9274); see Glasser v. United States, 315 U.S. 60, 80 (1942). If substantial evidence exists to support a verdict, the verdict must be sustained. Glasser, 315 U.S. at 80.

Allred challenges whether he possessed the gun. See United States v. Langley, 62 F.3d 602, 604 (4th Cir. 1995) (en banc) (discussing elements of § 922(g)(1)), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3485 (U.S. Jan. 16, 1996) (No. 95-7106). Because one of the officers testified that he saw the butt of a gun in Allred's back pants pocket, a rational trier of fact could conclude that Allred possessed the weapon found in the car. See Glasser, 315 U.S. at 80.

III.

Allred also claims that the district court made an improper Allen* charge to the jury. Because Allred withdrew his objection to this portion of the charge, we review only for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993). Although the district court's reference to the costs of trial and retrial may not have been proper, the court instructed each juror to consider the other jurors' viewpoints, cautioned the jurors not to surrender their conscientious convictions, and told them to take as much time as needed in order to reach a verdict. See United States v. West, 877 F.2d 281, 290-91 (4th Cir.) (upholding similar instruction), cert. denied, 493 U.S. 959

_____

*Allen v. United States, 164 U.S. 492 (1896).

3

(1989). We therefore find no plain error in the jury instruction. Nor do we find plain error resulting from Allred's remaining claims.

IV.

Accordingly, we affirm Allred's conviction. We deny counsel's motion to withdraw, deny Allred's motion for default judgment, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4